IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. PFANNENSTIEL,

    Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

_____ /

No. CIV S-08-2609 MCE DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

This matter came before the court on February 6, 2009, for hearing of the motion to dismiss filed by defendants Mortgage Electronic Registration Systems, Inc. (MERS) and Deutsche Bank National Trust Company as Trustee for Goldman Sachs-GSAMP 2005-HE47 (Deutsche Bank).  S. Christopher Yoo, Esq. appeared for defendants MERS and Deutsche Bank. Plaintiff Joseph A. Pfannenstiel, who is proceeding pro se, made no appearance and did not file written opposition to defendants' motion.

Upon consideration of defendants' motion and the entire file, the undersigned recommends that defendants' motion be granted and that this action be dismissed.

/////

/////

1

PLAINTIFF'S CLAIMS

Plaintiff's complaint consists of a cover sheet, a forty-page typed complaint, and eighteen pages of exhibits. The title of the typed complaint indicates that the complaint is for declaratory relief, fraud, conspiracy to defraud, to set aside fraudulent foreclosure sale, slander of title, and conversion. The four named defendants are MERS, Deutsche Bank, NDEX West, LLC, and Stewart Title of California, Inc.

Plaintiff alleges that he refinanced his home with a loan from Deutsche Bank on April 18, 2005, that he became in default of the loan on February 13, 2008, and that his home was sold on June 3, 2008. Plaintiff claims that the sale of his house was "part of a generalized scheme involving multiple Banks and Wall Street Firms to commit fraud on their investors through a conspiracy to steal real properties through the foreclosure process in order to 'conceal evidence' of their involvement in the **securitization of notes to more than one investor** by canceling these Notes through the foreclosure process." (Compl. at p.7.) Plaintiff also alleges that the defendants were not "true beneficiaries" and therefore their notices and actions were defective and must be set aside and that title must be restored to plaintiff. (Compl. at p. 9-11.)

In addition to the state law claims enumerated in the title of the complaint, plaintiff invokes the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Home Ownership and Equity Protection Act (HOEPA), and the Fair Debt Collection Practices Act (FDCPA). (Compl. at 26-29).[1]

PROCEDURAL HISTORY

Plaintiff's complaint was filed in Sacramento County Superior Court on September 24, 2008. Defendants MERS and Deutsche Bank indicate that Deutsche Bank was

---

[1] In their Notice of Removal, defendants summarized plaintiff's claims under these statutes as alleging that defendants failed to make a full disclosure of finance charges and fees, in violation of TILA; failed to give notice when transferring the servicing contract, in violation of RESPA; and failed to respond to plaintiff's request for validation of hid debt, in violation of HOEPA and FDCPA. (Def'ts' Notice of Removal ¶ 5.)

not properly served with process but received copies of the complaint and summons by regular mail on October 1, 2008, while MERS has never been served with the summons and complaint. MERS and Deutsche Bank filed their notice of removal within 30 days after Deutsche Bank's initial receipt of copies of the summons and complaint. Defendants have not been served with any documents other than the summons and complaint that were mailed to Deutsche Bank.

The court's docket reflects that plaintiff has not filed any document in this action since the case was removed from state court on October 31, 2008. None of the documents served upon plaintiff by the court have been returned as undeliverable. Counsel for the moving defendants stated on the record at the hearing that no documents sent to plaintiff at his address of record have been returned.

By order filed and served on December 10, 2008, the undersigned provided all parties with the following information and admonitions with respect to motion practice.

> Because the plaintiff in this action is proceeding in propria persona, all pretrial matters, including dispositive and non-dispositive motions, are to be addressed in the first instance by the assigned magistrate judge. Local Rule 72-302(c)(21). Parties may obtain information about available hearing dates from Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128. **The parties are also referred to Local Rule 78-230, which governs civil motion procedure. In particular, plaintiff is referred to this rule for information about opposing motions and appearing for hearings. Plaintiff is cautioned that failure to file timely opposition or to appear at a hearing may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules. See Local Rules 11-110 and 83-183.**
>
> The parties are informed that court appearances before the undersigned may be made telephonically in most instances. A party who wishes to request telephonic appearance at a motion hearing or at a status conference shall contact Pete Buzo at (916) 930-4128 no later than three days before the date set for the hearing or status conference.

Order filed Dec. 10, 2008, at 1-2 (emphasis added).

/////

Despite the information and warnings provided by the court, plaintiff failed to file opposition to defendants' motion and failed to appear at the hearing of the motion either in person or by telephone.  In addition, there is no evidence that plaintiff has taken any steps to litigate his case against any of the defendants.

## LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

### I. Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  In addition, the court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not

1  contested and the complaint necessarily relies on them, and matters of public record. <u>Lee v. City
2  of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include
3  pleadings and other papers filed with a court. <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d
4  1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,
5  unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>,
6  643 F.2d 618, 624 (9th Cir. 1981).

7  II.  <u>Federal Rule of Civil Procedure 12(e)</u>

8        Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at
9  unintelligibility, rather than want of detail. <u>See</u> <u>Woods v. Reno Commodities, Inc.</u>, 600 F. Supp.
10 574, 580 (D. Nev. 1984); <u>Nelson v. Quimby Island Reclamation Dist.</u>, 491 F. Supp. 1364, 1385
11 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement "[i]f a pleading
12 is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R.
13 Civ. P. 12(e).  The function of such a motion is thus not to require the pleader to disclose details
14 of the case, <u>see</u> <u>Boxall v. Sequoia Union High Sch. Dist.</u>, 464 F. Supp. 1104, 1114 (N.D. Cal.
15 1979), or to provide the evidentiary material that may properly be obtained by discovery, <u>see</u>
16 <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion
17 for more definite statement should be denied if a pleading meets federal standards by providing a
18 short and plain statement of the claim showing that the pleader is entitled to relief. <u>See</u> Fed. R.
19 Civ. P. 8(a)(2).

ANALYSIS

21     In support of their motion to dismiss, defendants have requested that the court
22 take judicial notice of documents pursuant to Federal Rules of Evidence 201(b), 201(c), and
23 201(d). The documents, all recorded with the Sacramento County Recorder's Office, are as
24 follows:  (1) the deed of trust encumbering plaintiff's property, recorded May 2, 2005; (2) the
25 notice of default and election to sell under deed of trust, recorded February 13, 2008; (3) the
26 assignment of deed of trust recorded on April 18, 2008; (4) the notice of trustee's sale recorded

on May 16, 2008; and (5) the trustee's deed upon sale recorded on June 23, 2008. (Def'ts' Req. for Judicial Notice, Exs. 1-5.) Two of the documents correspond to unrecorded copies of documents attached to plaintiff's complaint. Specifically, defendants' Exhibits 2 and 4 correspond to plaintiff's Exhibits A and D. The undersigned finds it appropriate to grant defendants' request for judicial notice of all five documents as public records.

Defendants argue that all eighteen of plaintiff's causes of action are premised on the false theory that MERS, as the original nominee beneficiary of the deed of trust that encumbered plaintiff's property pursuant to a mortgage loan, and Deutsche Bank, as the assignee of all beneficial interest under that deed of trust, lacked authority to commence foreclosure proceedings on plaintiff's property. Defendants cite the fact that plaintiff's deed of trust includes a power-of-sale clause that permitted non-judicial foreclosure when plaintiff defaulted on the loan. (See Def'ts' Ex. 1 at 3.) Defendants argue further that plaintiff has not alleged facts establishing the elements of each of his claims. Defendants discuss the elements of all eighteen of plaintiff's causes of action and point out the elements not established by the allegations of the complaint.

Defendants' unopposed arguments are persuasive. The undersigned finds that plaintiff's complaint fails to state any claim upon which relief may be granted against the moving defendants. With respect to defendants NDEX West, LLC and Stewart Title of California, Inc.,[2] as well as Does I - X, the undersigned notes that "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v.

---

[2] Plaintiff alleges in his complaint that NDEX West LLC was the trustee under plaintiff's trust deed and note and Stewart Title of California, Inc. was the agent of NDEX West LLC. (Compl. at 2.)

Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared.").  See Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, it appears that plaintiff's claims against defendants NDEX West, LLC and Stewart Title of California, Inc., as well as any claims plaintiff might have against unnamed defendants, are integrally related to the claims against the moving defendants.[3]  The undersigned will therefore recommend that plaintiff's complaint be dismissed as to all claims against all defendants.

The undersigned has carefully considered whether plaintiff's complaint should be dismissed with leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  While leave to amend must be freely given, the court is not required to allow futile amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  See also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  In the present case, plaintiff did not argue either in timely written opposition or at the hearing of defendants' motion that he can cure the defects of any of his claims.  It does not appear to the undersigned that plaintiff can amend his complaint to cure the defects arising from his fundamental misconception regarding defendants' power to sell the property upon plaintiff's default on the loan.  Nor does it appear that plaintiff can allege facts establishing all of the

---

[3] Each of plaintiff's eighteen causes of action is alleged against all defendants except that defendant Deutsche Bank is not included in Claim 17, and Claim 6 is a claim for conversion alleged solely against defendant NDEX West LLC.

elements of any of his causes of action.  Thus, it would be futile to grant plaintiff leave to amend. For these reasons, the complaint should be dismissed without leave to amend

## CONCLUSION

IT IS HEREBY ORDERED that defendant's November 7, 2008 request for judicial notice (Doc. No. 6) is granted; and

IT IS RECOMMENDED that:

1. Defendant's November 7, 2008 motion to dismiss (Doc. No. 5) be granted;

2. Plaintiff's claims against defendants NDEX West, LLC, Stewart Title of California, Inc., and DOES I - X be dismissed; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within ten (10) days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the district court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2009.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/pfannenstiel2609.oahmtd.f&r